THOMAS WILSON vs. THE CONCORD RAILROAD COMPANY.

If an agreement is made to submit a cause to two arbitrators, one of whom is interested, and they upon a hearing fail to agree, and notify the parties thereof, and of the determination of each of them, and thereupon, after the interest of the arbitrator has ceased, a new agreement is made, adding another arbitrator, and providing that the decision of a majority of them shall be final, an award by a majority is valid and binding; although the plaintiff did not personally know of the facts in relation to the interest of the arbitrator until after the award was made.

TORT by the administrator of William Wilson, to recover damages for an injury sustained by the intestate by reason of the defendants' negligence.

The cause being at issue in this court, the parties entered into an agreement to submit it to arbitration, as follows :

" In this case, it is agreed between the parties, that the same shall be submitted to the determination of Paul R. George, Esq., of Contoocookville, in the State of New Hampshire, and Fisher A. Hildreth, Esq., of Lowell, in the County of Middlesex ; the award of whom, made in writing, is to be final upon the cause of action submitted to them : and judgment thereon shall be entered in this action and for costs of court. And if either party shall neglect to appear before the arbitrators at the time and place appointed for hearing, after due notice given, then the arbitrators may proceed in his absence."

Under this agreement a hearing was had in July 1857, the arbitrators failed to agree, and notified the parties thereof; whereupon a new agreement was indorsed upon the former, as follows :

" The referees within named, having failed to agree, it is further agreed, that Hon. Caleb Cushing be added to the number of referees ; the decision of a majority of whom shall be final, as within provided."

Two days afterwards, an award in favor of the defendants was made and signed by Mr. Cushing and Mr. George ; and the defendants moved for leave to plead it as an additional answer to the action. In reference to the validity of the award, the

following facts were agreed: At the date of the original agreement, the parties by their agents agreed to submit the cause to Mr. George, who was a brother of the defendants' counsel, and to Mr. Hildreth, who was a brother-in-law of the plaintiff's counsel; and Mr. George was the owner of twenty shares, of $50 each, of the capital stock of the defendants from June 1856 to May 1858, but this fact was not mentioned or thought of by either of the counsel, at the time when the agreement was entered into. The plaintiff was ignorant of Mr. George's interest until after the award was made. The determination of each of the original arbitrators was made known to the counsel of the parties at the time of making the second agreement, December 13, 1858; after which no new hearing of evidence was had, but the cause was submitted upon the statements by counsel of the evidence, and the minutes and memory of the original arbitrators. All of the arbitrators and counsel were on the most friendly terms.

Upon these facts, *Hoar*, J. ruled that the award was a bar to the action, and reported the case for the determination of the whole court.

*N. St. J. Green*, for the plaintiff.

*H. Jewell*, for the defendants.

Hoar, J. It appears from the report that one of the arbitrators was interested in the cause submitted to their arbitration, as a stockholder in the defendant corporation, at the date of the original submission; and that this interest was not known to the plaintiff until after the making of the award. But the two arbitrators first appointed having failed to agree, the parties agreed that Mr. Cushing should be added to the number of referees, and that the decision of a majority of them should be final. When this latter agreement was made, the interest of the referee had ceased to exist.

We are of opinion that the second agreement constituted a new and independent submission. The first referees had reported, and were *functi officio*. No further action under their original authority was contemplated by them, or by the parties to the suit. The new agreement constituted a submission to

three persons, instead of two ; and authorized the decision of a majority, instead of requiring it to be unanimous. There was therefore a change of persons, and of the conditions of the arbitration. By the new agreement, the parties selected their tribunal, knowing that two of the persons selected were not only partial, but had formed and expressed an opinion in the case. We can see no reason to believe that they expected or imagined that this opinion would be changed; or cared, or had any reason to care, upon what grounds, or by means of what influences, the opinion had been formed. The substantial effect of their agreement was to submit the cause to the determination of Mr. Cushing alone.

Under such circumstances, it would be carrying refinements a little too far to hold that the ignorance of one party of a bias which might have influenced the mind of one of the referees in coming to his original decision, should be a cause for setting aside the award.

It was known and understood that the two referees were not only partial, but that they had prejudged the case. No other disqualification then existed. The plaintiff did not choose to make any further inquiry. There is no ground for any imputation of fraud. The award is therefore a bar to the action, and the defendants are entitled to judgment.